UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al.,

Plaintiffs,

v.

ACE PAVING CO., INC., *a Washington corporation*,

Defendant.

Case No. C11-838-BAT

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

On June 24, 2011, plaintiffs Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund, Locals 302 and 612 of the International Union of Operating Engineers Employers Construction Industry Retirement Fund, Western Washington Operating engineers Employers Training Trust Fund, and Local 302 International Union of Operating Engineers ("The Fund"), filed a motion for summary judgment and noted it for July 22, 2011. Dkt. 6. Defendant has not filed a response. For following reasons, the Court **GRANTS** plaintiffs' motion.

**DISCUSSION**

Summary judgment is appropriate when, viewing the facts in the light most favorable to

ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 1

1  the non-moving party, there is no genuine issue of material fact which would preclude summary

2  judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Once the moving party has satisfied its

3  burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts

4  showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324

5  (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's

6  position is not sufficient."  *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.

7  1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant

8  to the consideration of a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477

9  U.S. 242, 248, (1986).  In other words, "summary judgment should be granted where the non-

10 moving party fails to offer evidence from which a reasonable [fact finder] could return a

11 [decision] in its favor."  *Triton Energy*, 68 F.3d at 1220.

12         Defendant has not filed a brief in opposition to plaintiffs' motion for summary judgment.

13 Accordingly, the Court may deem the facts alleged by plaintiffs to be undisputed for purposes of

14 the motion. Fed. R. Civ. P. 56(e)(2).  Thus, summary judgment is appropriate if plaintiffs have

15 shown that they are entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(e)(3).

16         Plaintiffs, unincorporated associations operating as Trust Funds, initiated this action on

17 May 18, 2011, when they filed a complaint to collect trust funds and dues.  Dkt. 1.  On June 17,

18 2011, defendant filed its answer.  Dkt. 4.  Defendant admits it is bound to a collective bargaining

19 agreement with Local 302 and that the agreement speaks for itself.  *Id*.  In their motion for

20 summary judgment, plaintiffs represent that defendant is bound to a collective bargaining

21 agreement that requires defendant to promptly and fully report for and pay monthly contributions

22 to plaintiffs' Trust at specific rates, and to pay liquidated damages equal to 12% of all delinquent

23 and delinquently paid contributions to the trust, interest accruing upon such delinquent

contributions, and attorney's fees, and costs the Trust incurred in connection with defendant's unpaid obligations. Plaintiffs further represent that defendant made delinquent payments for the employment period March 2011 through May 2011; that this failure obligates defendant to pay $120,805.71 in contributions, $7,929.28 in union dues and union program payments, $14,496.69 in liquidated damages, and interest through June 2011 in the amount of $1,938.47.

Defendant has not submitted anything disputing plaintiffs' representations. As defendant has failed to present to the Court any facts demonstrating a genuine issue for trial, the Court concludes summary judgment is appropriate and grants plaintiffs' motion. The Clerk is directed to send copies of this Order to all parties of record.

## CONCLUSION

The Court finds that there is no dispute as to any material fact and that The Fund is entitled to judgment as a matter of law on the unpaid contributions, liquidated damages based on the amount of delinquent contributions at the time Northwest filed this action, interest, and attorney's fees and costs. Accordingly, the Court hereby **ORDERS**:

1. Plaintiffs' Motion for Summary Judgment (Dkt. 6) is **GRANTED**;
2. Judgment is awarded in favor of plaintiff's Trust Funds against defendant Ace Paving Co., Inc., in the amounts listed below, which amounts are due to the plaintiffs' for the employment period of March 2011 through May 2011.
   a. $120,805.71 for contributions.
   b. $7,929.28 for dues.
   c. $14,496.69 for liquidated damages.
   d. $1,938.47 for interest though June 30, 2011; and

e. Reasonable attorney fees and costs to be determined after plaintiffs submit a motion for fees and costs.

DATED this 22nd day of July, 2011.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 4